# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SHELDON JERCICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00032-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT SMITH'S MOTION TO DISMISS, DISMISS THE FOURTH AMENDED COMPLAINT WITH PREJUDICE, AND DENY PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 56, 57)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

George Sheldon Jercich ("Plaintiff") is a former state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Fourth Amended Complaint. (ECF No. 45). Before the Court are Defendant Smith's motion to dismiss and Plaintiff's motion for reconsideration. (ECF Nos. 56, 57). For the reasons described below, the undersigned will recommend that the motion to dismiss be granted and the motion for reconsideration be denied.

**I.　　BACKGROUND**

Plaintiff filed the Complaint commencing this action on January 5, 2018. (ECF No. 1). On March 2, 2018, Plaintiff filed a motion for leave to file a First Amended Complaint along with a First Amended Complaint. (ECF No. 19). On March 5, 2018, Plaintiff requested leave to

1

file a Second Amended Complaint ("SAC"). (ECF No. 20). On March 6, 2018, Plaintiff lodged the SAC. (ECF No. 21). On March 8, 2018, the Court granted Plaintiff's motion to file the SAC. (ECF No. 22).

Two motions to dismiss the SAC were filed. (ECF Nos. 33, 38). On November 29, 2018, the Court granted Plaintiff's motion to file a Third Amended Complaint. (ECF No. 43). Accordingly, the pending motions to dismiss were denied as moot. (ECF No. 44). On January 4, 2019, Plaintiff filed the Third Amended Complaint ("TAC"). (ECF No. 45).

Two motions to dismiss the TAC were filed. (ECF Nos. 46, 47). On August 28, 2019, the Court granted the motions to dismiss, granted Plaintiff leave to amend only his Eighth Amendment medical care claim regarding the alleged failure to conduct a concussion examination, and dismissed with prejudice all remaining claims. The Court advised Plaintiff that there would be no further opportunities to amend. (ECF No. 54).

On September 30, 2019, Plaintiff filed a Fourth Amended Complaint ("FAC"). (ECF No. 55). On October 16, 2019, Defendant Smith filed the instant motion to dismiss the FAC with prejudice for failure to state facts sufficient to state a claim for relief. (ECF No. 56). Plaintiff filed an opposition to the motion to dismiss and a motion for reconsideration regarding the Court's previous dismissal of Plaintiff's claims. (ECF No. 57). Defendant Smith has filed a reply. (ECF No. 58).

## II. SUMMARY OF RELEVANT ALLEGATIONS IN PLAINTIFF'S FOURTH AMENDED COMPLAINT[1]

Plaintiff was processed at North Kern State Prison ("NKSP") on June 26, 2014. (ECF No. 55 at 6).[2] Plaintiff was placed in "Mainline" housing and within hours, Plaintiff was jumped from behind and beaten over the head and in the face. Plaintiff was knocked out. (Id. at 11).

After Plaintiff was beaten in the dorm, prison personnel, including Defendant Smith, took Plaintiff to "Medical," where Plaintiff was placed on a single elevated hospital-type bed. While

---

[1] The bulk of the FAC contains allegations against defendants who were previously dismissed with prejudice and against new defendants not identified in Plaintiff's previous pleadings. However, as noted above, Plaintiff was granted leave to amend only his Eighth Amendment medical care claim regarding the alleged failure to conduct a concussion examination. All remaining claims were dismissed with prejudice. (ECF No. 54). Accordingly, the Court only recounts the allegations in the FAC regarding the Eighth Amendment medical care concussion claim.
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

in the bed and after standing up from the bed, Plaintiff repeatedly asked for some type of concussion inspection. The nurse and Defendant Smith ignored Plaintiff's pleas while they continued to talk between themselves, focusing on whether or not Plaintiff had been stabbed. Once it was determined that Plaintiff was not stabbed, the nurse and Defendant Smith finished cleaning Plaintiff up and told him to get off the bed. (ECF No. 55 at 12).

Defendant Smith then escorted Plaintiff outside. Smith unlocked "a phone-booth sized, expanded metal cage-enclosure" and told the younger inmate who was inside to get out. Smith then locked the younger inmate in a second enclosure/holding cell, which had a seat, and placed Plaintiff in the first holding cell that had no seat. (ECF No. 55 at 12). When Plaintiff looked out, his surroundings appeared blurry. Plaintiff demanded a concussion inspection and informed Defendant Smith that his vision was blurry. Defendant Smith refused Plaintiff's attempts to get a concussion inspection and told Plaintiff that he was not experiencing blurry vision but that it only appeared so because Plaintiff was looking through "expanded metal." (Id. at 13).

Plaintiff remained standing in the holding cell for approximately thirty minutes and then was taken to a new dorm. (ECF No. 55 at 14). Plaintiff was not clear-headed for two to three days and he did not feel well for a couple of weeks. (Id. at 15). Plaintiff claims that it was obvious that Defendant Smith failed to follow up with anyone regarding the possibility of Plaintiff being concussed because no one ever came to deal with Plaintiff's possible concussion. (Id. at 16).

### III. MOTION TO DISMISS

#### A. Legal Standards

##### 1. Motion to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's

favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45–46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

///

1                 2. <u>Eighth Amendment</u>

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059–60 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation mark omitted) (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. <u>Farmer</u>, 511 U.S. at 836–37.

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Toguchi</u>, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

"Non-medical prison personnel are generally entitled to rely on the opinions of medical professionals with respect to the medical treatment of an inmate." Caplinger v. CCA, 999 F. Supp. 2d 1203, 1214 (D. Idaho 2014), aff'd sub nom. Caplinger v. Corr. Corp. of Am., 634 F. App'x 604 (9th Cir. 2016). See Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1084 (9th Cir. 2013) (holding that non-medical prison staff "did not act with deliberate indifference toward [plaintiff] as they reasonably relied on the expertise of the prison's medical staff") (citing Johnson v. Doughty, 433 F.3d 1001, 1010–11 (7th Cir. 2006)). However, "'choosing to rely upon a medical opinion which a reasonable person would likely determine to be inferior' . . . could . . . constitute[] deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 986 (9th Cir. 2012) (quoting Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir.1992)), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

**B. Analysis**

In the motion to dismiss, Defendant Smith argues that the FAC fails to state an Eighth Amendment claim because: it states no new factual allegations; the challenged conduct occurred immediately after Defendant Smith took Plaintiff to a medical facility to be inspected by a nurse who also had rejected the request for a concussion examination; Plaintiff fails to show that the course of treatment chosen by the nurse was medically unacceptable under the circumstances; and Plaintiff fails to identify any other harm that resulted from the purported acts aside from generalized allegations of not being clear-headed for a few days and not feeling well for a couple of weeks. (ECF No. 56-1 at 4).

Here, the FAC alleges that after Plaintiff was beaten, Defendant Smith took Plaintiff to medical. Plaintiff repeatedly asked the nurse and Defendant Smith for some type of concussion inspection, but they ignored his pleas. The nurse and Defendant Smith "were focused on whether or not the Plaintiff had been stabbed. When it was determined he was not stabbed, they finished

cleaning him up, then told him to get off the bed." (ECF No. 55 at 12). Thereafter, Plaintiff alleges that Defendant Smith ignored Plaintiff's complaints of blurry vision and demands for a concussion inspection while Plaintiff was standing in a holding cell for approximately thirty minutes. (ECF No. 55 at 13–14).

The FAC's allegations do not demonstrate that Defendant Smith subjectively knew of and disregarded an excessive risk to Plaintiff's health and safety. The conduct at issue occurred immediately after Defendant Smith had taken Plaintiff to medical to be inspected by a nurse, who had rejected Plaintiff's multiple requests for a concussion examination. The FAC does not contain sufficient factual allegations to demonstrate the course of treatment the nurse chose was medically unacceptable or that Defendant Smith relying on or deferring to the nurse's opinion was not reasonable. See Jackson, 90 F.3d at 332 (holding that to establish a difference in opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances"); Snow, 681 F.3d at 986 ("'[C]hoosing to rely upon a medical opinion which a reasonable person would likely determine to be inferior' . . . could . . . constitute[] deliberate indifference."). Accordingly, Defendant Smith's motion to dismiss the FAC with prejudice should be granted.[3]

### IV.     MOTION FOR RECONSIDERATION

#### A. Claims Related to Concussion

Plaintiff moves the Court to reconsider its previous dismissal of his claims related to his alleged concussion. (ECF No. 57 at 3). The FAC suffers from the same defects as the TAC with respect to the concussion issue, and as set forth in section III, *supra*, the FAC fails to state an Eighth Amendment claim against Defendant Smith.

The Court notes that in the FAC, Plaintiff also alleges that Doctor Wang, who saw Plaintiff approximately two weeks after his beating, "attended to [Plaintiff] in her own befuddled manner, grossly mishandled Plaintiff's concussion issue by ignoring his preliminary and subsequent pleas to her concerning it." (ECF No. 55 at 4–5). The FAC does not contain sufficient factual allegations to demonstrate that Doctor Wang's actions regarding the concussion

---

[3] The District Judge previously ruled that there "will be **no further opportunities to amend**." (ECF No. 54 at 2).

issue were medically unacceptable. See Toguchi, 391 F.3d at 1057–58 (holding a difference in opinion between inmate and prison medical personnel regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim). Accordingly, reconsideration of Plaintiff's claims related to his alleged concussion is not warranted.

### B. Claims Related to Prostate Cancer

Plaintiff also moves the Court to reconsider its dismissal of his claims related to his prostate cancer issues. (ECF No. 57 at 3). In the FAC, Plaintiff alleges that when he was processed at NKSP on June 26, 2014, he showed Receiving and Release personnel his identifying documents that indicated Plaintiff was seventy-five years old. (ECF No. 55 at 6). When Plaintiff entered prison, he had thyroid, prostate, high blood pressure, and cholesterol issues, all of which required special attention and medication. Plaintiff made the CDCR aware of these issues. (Id. at 8). However, despite knowledge of Plaintiff's age and his enlarged prostate, the CDCR "failed to test him for prostate cancer – a relatively simply and low-cost blood test; this failure obviously allowed a cancer to go from a low-cancer condition or early-to-mid-stage cancer to a late-stage cancer in Plaintiff's prostate."[4] (Id. at 8). Plaintiff asserts that he holds the State of California, the CDCR, all named defendants, and all prison medical personal who attended to him responsible for failure to implement proper prostate cancer testing policies and procedures for older inmates. (Id. at 9).

As set forth in the Court's previous findings and recommendation, (ECF No. 52 at 12–13), the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267–68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control

---

[4] Approximately six months after Plaintiff's release from prison, he was tested for prostate cancer and immediately began radiation treatment. (ECF No 55 at 10). Plaintiff experienced three years of serious prostate conditions and underwent forty sessions of radiation treatment. (Id. at 8).

1 | Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Therefore, the State of California and the CDCR are entitled to Eleventh Amendment immunity from suit.

Similar to Plaintiff's previous complaints, Plaintiff names as defendants multiple supervisors, including the Secretary of the CDCR and a warden, without alleging sufficient facts that demonstrate the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The FAC contains no specific factual allegations with respect to any of the named defendants regarding Plaintiff's prostate cancer claim. As the Court previously informed Plaintiff, (ECF No. 52 at 19), "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Plaintiff has had multiple opportunities to amend his claims. The Court's previous findings and recommendation and the motions to dismiss the Second and Third Amended Complaints contained relevant legal standards. Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, and the FAC suffers from the same deficiencies as the TAC that was dismissed. Accordingly, reconsideration of Plaintiff's claims regarding his prostate cancer issues is not warranted.

**V.  CONCLUSION**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Defendant Smith's motion to dismiss (ECF No. 56) be GRANTED;

2. Plaintiff's motion for reconsideration (ECF No. 57) be DENIED; and

3. Plaintiff's Fourth Amended Complaint (ECF No. 55) be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **TWENTY-ONE (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **SEVEN (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 20, 2019**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE