UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SHELDON JERCICH,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:18-cv-00032-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 62) |

Plaintiff, George Sheldon Jercich, is a former state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion for reconsideration. (Doc. No. 62.) For the reasons set forth below, the court will deny the motion.

**BACKGROUND**

Plaintiff commenced this action on January 5, 2018, with the filing of a complaint. (Doc. No. 1.) On March 2, 2018, plaintiff filed a motion for leave to file a First Amended Complaint along with a First Amended Complaint. (Doc. No. 19.) On March 5, 2018, plaintiff requested leave to file a Second Amended Complaint ("SAC"). (Doc. No. 20.) Plaintiff lodged his proposed SAC on March 6, 2018. (Doc. No. 21.) On March 8, 2018, the court granted plaintiff leave to file the SAC. (Doc. No. 22.)

/////

Two motions to dismiss the SAC were filed. (Doc. Nos. 33, 38.) On November 29, 2018, the court granted plaintiff's motion to file a Third Amended Complaint ("TAC") (Doc. No. 43) and denied the pending motions to dismiss as moot (Doc. No. 44). On January 4, 2019, plaintiff filed his TAC. (Doc. No. 45.)

Two motions to dismiss the TAC were filed. (Doc. Nos. 46, 47.) On August 28, 2019, the court granted the motions to dismiss, granted plaintiff leave to amend only his Eighth Amendment medical care claim regarding the alleged failure to conduct a concussion examination, and dismissed with prejudice all remaining claims. The court advised plaintiff that no further opportunities to amend would be granted. (Doc. No. 54.)

On September 30, 2019, plaintiff filed a Fourth Amended Complaint ("FAC"). (Doc. No. 55.) The FAC alleges, in relevant part,[1] as follows:

> Plaintiff was processed at North Kern State Prison ("NKSP") on June 26, 2014. (Doc. No. 55 at 6.) Plaintiff was placed in "Mainline" housing and within hours, Plaintiff was jumped from behind and beaten over the head and in the face. Plaintiff was knocked out. (*Id*. at 11.)
>
> After Plaintiff was beaten in the dorm, prison personnel, including Defendant Smith, took Plaintiff to "Medical," where Plaintiff was placed on a single elevated hospital-type bed. While in the bed and after standing up from the bed, Plaintiff repeatedly asked for some type of concussion inspection. The nurse and Defendant Smith ignored Plaintiff's pleas while they continued to talk between themselves, focusing on whether or not Plaintiff had been stabbed. Once it was determined that Plaintiff was not stabbed, the nurse and Defendant Smith finished cleaning Plaintiff up and told him to get off the bed. (Doc. No. 55 at 12.)
>
> Defendant Smith then escorted Plaintiff outside. Smith unlocked "a phone-booth sized, expanded metal cage-enclosure" and told the younger inmate who was inside to get out. Smith then locked the younger inmate in a second enclosure/holding cell, which had a seat, and placed Plaintiff in the first holding cell that had no seat. (Doc. No. 55 at 12.) When Plaintiff looked out, his surroundings appeared blurry. Plaintiff demanded a concussion inspection and informed Defendant Smith that his vision was blurry. Defendant Smith refused Plaintiff's attempts to get a concussion inspection and told Plaintiff that he was not experiencing blurry vision but that it only appeared so because Plaintiff was looking through "expanded metal." (*Id*. at 13.)

---

[1] The bulk of the FAC contains allegations against defendants who were previously dismissed from this action with prejudice and against new defendants not identified in plaintiff's previous pleadings. However, Plaintiff was granted leave to amend only his Eighth Amendment medical care claim regarding the alleged failure to conduct a concussion examination. All remaining claims were dismissed with prejudice. (Doc. No. 54). Accordingly, the court only recounts the allegations in the FAC regarding the Eighth Amendment medical care concussion claim.

> Plaintiff remained standing in the holding cell for approximately thirty minutes and then was taken to a new dorm. (Doc. No. 55 at 14.) Plaintiff was not clear-headed for two to three days and he did not feel well for a couple of weeks. (*Id*. at 15). Plaintiff claims that it was obvious that Defendant Smith failed to follow up with anyone regarding the possibility of Plaintiff being concussed because no one ever came to deal with Plaintiff's possible concussion. (*Id*. at 16.)

(Doc. No. 59.)

On October 16, 2019, Defendant Smith filed a motion to dismiss the FAC with prejudice for failure to state facts sufficient to state a claim for relief. (Doc. No. 56.)

On December 23, 2019, the assigned magistrate judge entered findings and recommendations, recommending that Defendant Smith's motion to dismiss the FAC be granted, and that the FAC be dismissed with prejudice, stating in relevant part:

> The FAC's allegations do not demonstrate that Defendant Smith subjectively knew of and disregarded an excessive risk to Plaintiff's health and safety. The conduct at issue occurred immediately after Defendant Smith had taken Plaintiff to medical to be inspected by a nurse, who had rejected Plaintiff's multiple requests for a concussion examination. The FAC does not contain sufficient factual allegations to demonstrate the course of treatment the nurse chose was medically unacceptable or that Defendant Smith relying on or deferring to the nurse's opinion was not reasonable. *See Jackson*, 90 F.3d at 332 (holding that to establish a difference in opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances"); *Snow*, 681 F.3d at 986 ("'[C]hoosing to rely upon a medical opinion which a reasonable person would likely determine to be inferior' . . . could . . . constitute[] deliberate indifference."). Accordingly, Defendant Smith's motion to dismiss the FAC with prejudice should be granted.

(Doc. No. 59 at 7.)

Plaintiff was provided with an opportunity to file objections to the findings and recommendations within twenty-one days. (*Id.*) Plaintiff failed to do so.

After a *de novo* review of the case, the court found the magistrate judge's findings and recommendations to be supported by the record and by proper analysis. (Doc. No. 60.) The court therefore adopted the findings and recommendations, granted Defendant Smith's motion to dismiss, and dismissed the FAC and this action with prejudice. (Doc. No. 60.) On January 24, 2020, judgment was entered against plaintiff and the case was closed. (Doc. No. 61.) On February 6, 2020, plaintiff filed the instant motion for reconsideration. (Doc. No. 62.)

/////

/////

3

**DISCUSSION**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion for reconsideration, plaintiff seeks additional time to conduct research and submit objections to the findings and recommendations entered by the magistrate judge. (Doc. No. 62.) Plaintiff indicates that prior to February 5, 2020, he was unable emotionally and physically to open and read Defendant Smith's reply in support of the motion to dismiss filed on November 4, 2019; the magistrate judge's findings and recommendations entered on December 23, 2019; and the order adopting the findings and recommendations entered on January 24, 2020. (Doc. No. 62 at 3-4.) Plaintiff explains that he is 81 years old. (*Id.*) He also represents that he has significant health issues, along with financial and personal difficulties, and is not trained in the law. (*Id*. at 4-10.)

While the court is sympathetic to these issues raised by plaintiff, they do not demonstrate newly discovered relevant evidence, nor do they demonstrate that the court committed clear error or that there has been an intervening change in controlling law. *See Marlyn Nutraceuticals*, 571 F.3d at 880.

Particular to the allegations at issue in the FAC, plaintiff states in his declaration the following:

> CDC&R's Sergeant Smith acted in a grossly-calloused manner toward me, after the R&R at its North Kern State Prison placed me, then a 75 year old man with health issues, on its "main line," only to be attacked from behind and concussed by an inmate I have never seen to this day, and that sergeant protected that inmate's identity from me, and refused to try to bring charges against him – and then – refused to evaluate me for a concussion, notwithstanding my strong demand at the time that we have it done; also, I am walking around without a

> number of teeth in my mouth, the first time in my life I have suffered such an indignity, because of the cowardly sergeant-involved-beating. . . .

(Doc. No. 62 at 5.)

Neither this information, nor any other information in plaintiff's motion for reconsideration and supporting declaration present newly discovered evidence relevant to the pled Eighth Amendment claim, demonstrate that the court committed clear error, or cite to an intervening change in the controlling law.

Moreover, to the extent plaintiff seeks to have his motion and supporting declaration reviewed as an untimely objection to the findings and recommendations, the court has again carefully reviewed the entire file, including plaintiff's motion and supporting declaration, and finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 62) is DENIED.

IT IS SO ORDERED.

Dated: **July 9, 2020**

UNITED STATES DISTRICT JUDGE